IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FLORENCE SUCHOMSKI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CV-2880 |
| v. ) | |
| ) | |
| **THE HARTFORD LIFE INSURANCE** ) | |
| **COMPANY, and DRESS BARN** ) | |
| **INCORPORATED GROUP LONG TERM** ) | |
| **DISABILITY PLAN,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, HARTFORD LIFE INSURANCE COMPANY ("Hartford") and DRESS BARN INCORPORATED GROUP LONG TERM DISABILITY PLAN ("Plan"), by their attorneys, Donald A. Murday, Elizabeth G. Doolin, Joseph R. Jeffery, and Chittenden, Murday & Novotny LLC, and for their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

*Jurisdiction and Venue*

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f).  Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan named Dress Barn Incorporated Group Long Term Disability Plan ("Plan") underwritten by The Hartford Life Insurance Company ("Hartford") for the benefit of employees of Dress Barn, Inc.  In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**ANSWER:**      Answering Paragraph 1, Defendants admit that Plaintiff brings this action under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §1132(a)(1)(B) and that this Court has jurisdiction of this matter under 29 U.S.C. §§1132(e)(1) and 1132(f). Defendants admit that Dress Barn, Inc. established an employee welfare benefit plan named Dress Barn Incorporated Group Long Term Disability Plan ("Plan") for its eligible employees through its purchase of a group long term disability policy underwritten by Hartford. Defendants further admit that this action is a civil action of which the Court has original jurisdiction under 28 U.S.C. §1331 as it is an action arising under the laws of the United States. Defendants state that the remaining allegations of Paragraph 1 state a legal conclusion to which no answer is required.

2. The ERISA statute provides at 29 U.S.C. §1133 a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeals have been exhausted.

**ANSWER:** To the extent the allegations of Paragraph 2 state a legal conclusion, Defendants make no answer thereto. Answering Paragraph 2, Defendants admit that Plaintiff exhausted the appeals process for the claims identified in her Complaint. Defendants deny the remaining averments in Paragraph 2.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1391.

**ANSWER:** Answering Paragraph 3, Defendants admit the allegations in Paragraph 3.

*Nature of the Action*

4. This is a claim seeking an award to plaintiff of disability income benefits pursuant to a policy of insurance underwritten by Hartford to provide Long Term Disability Insurance Benefits under a plan titled, "Dress Barn Incorporated Group Long Term Disability Plan" ("Plan") to employees of Dress Barn on account of disability (A true and correct copy of the applicable policy of insurance is attached to plaintiff's complaint and by that reference incorporated herein as Exhibit "A"). This action is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

**ANSWER:** Answering Paragraph 4, Defendants admit that this action is brought pursuant to §502(a)(1)(B) of ERISA, that Plaintiff seeks benefits under the Plan, and that Hartford underwrites the group insurance policy that funds the Plan's disability benefits. Answering further, Defendants admit that a true and correct copy of the written plan is attached to Plaintiff's Complaint as Exhibit A. Defendants deny the remaining averments in Paragraph 4.

### *The Parties*

5.    Florence Suchomski ("Suchomski")(Policy No. GLT 674081) is and was a resident of Champaign, Illinois.

**ANSWER:** Answering Paragraph 5, Defendants admit the allegations in Paragraph 5.

6.    Hartford is the underwriter of disability insurance coverage applicable to this action and was, at all times relevant hereto, acting as de facto, if not actual, plan administrator for the Group Long Term Disability Plan. At all times relevant hereto, the Plan and Hartford were administering and paying welfare benefits throughout the United States and within the Northern District of Illinois.

**ANSWER:** Answering Paragraph 6, Defendants admit that Hartford underwrites the group insurance policy that funds the disability benefits offered by the Plan. Defendants deny the remaining averments in Paragraph 6.

7.    At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Suchomski received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Answering Paragraph 7, Defendants admit that at all times relevant hereto the Plan constituted an employee welfare benefit plan as defined by ERISA, that Plaintiff was a Plan participant as defined by ERISA, and that at the relevant times Plaintiff was covered under the Plan in accordance with its terms, conditions, limitations, and exclusions. Defendants further

admit that Plaintiff's claim's relates to Plan benefits. Defendants deny the remaining allegations in Paragraph 7 to the extent that they are inconsistent with this Answer.

*Statement of Facts*

8.     Suchomski, age 51 (dob 6/xx/56), was employed by Dress Barn, Inc. as District Store Manager and was in active employment until December 9, 2002, when she had to cease working due to a number major medical problems affecting disparate bodily systems, which included fibromyalgia and degenerative joint disease. Due to her medical condition, Suchomksi has been unable to perform the material duties of her occupation since December 9, 2002.

**ANSWER:**     Answering Paragraph 8, Defendants admit that Plaintiff's birth month and year are June 1956, that she was employed by Dress Barn, Inc. as a district store manager, that Plaintiff ceased working on December 9, 2002 after she became "Disabled" under the terms of the Plan, and that Plaintiff remained "Disabled" under the terms of the Plan through February 15, 2007. Defendants deny the remaining averments of Paragraph 8.

9.     Subsequent to ceasing her employment, Suchomski made a claim for benefits under the Plan, stating that she was entitled to receipt of disability benefits and waiver of premium for life insurance benefits based on meeting the Plan definition of disability.

**ANSWER:**     Answering Paragraph 9, Defendants admit only that Plaintiff has made several claims for disability benefits and waiver of life insurance premium benefits under the Plan. Defendants deny the remaining averments in Paragraph 9.

10.     Suchomski supported her claim for benefits with numerous medical records and reports, as well as other evidence, including objective medical evidence, certifying and establishing her disability and which would have entitled her to benefits payable per month commencing on March 10, 2003, and continuing until Plaintiff reached the age of 66 and 4 months, so long as she remained disabled.

**ANSWER:**     Answering Paragraph 10, Defendants admit only that Plaintiff submitted medical records and reports in support of her claims for benefits. Defendants deny the remaining averments in Paragraph 10.

11. Suchomski's claim for disability benefits was initially approved, but in a letter dated December 29, 2004, Hartford terminated benefits as of December 31, 2004.

**ANSWER:** Answering Paragraph 11, Defendants admit only that the Plan determined in late 2002 or early 2003 that Plaintiff was "Disabled" under the terms of the Plan, the Plan later determined on December 29, 2004 that Plaintiff was no longer "Disabled," and the Plan terminated her benefits effective December 31, 2004. Defendants deny the remaining averments in Paragraph 11.

12. Suchomski appealed the termination in accordance with Hartford's requirements in compliance with ERISA.

**ANSWER:** Answering Paragraph 12, Defendants admit that Plaintiff appealed the Plan's decision to terminate Plaintiff's benefits. Defendants deny the remaining averments in Paragraph 12.

13. On September 14, 2005, Hartford reinstated Suchomski's benefits; however, Hartford asserted that Suchomski's disability was due to psychological limitations that would prevent her from performing the duties of her own occupation.

**ANSWER:** Answering Paragraph 13, Defendants admit only that on September 14, 2005 the Plan upheld its earlier decision terminating Plaintiff's benefits based on Plaintiff's purported physical limitations, but concluded that Plaintiff was Disabled due to "Mental Illness" as that phrase is defined by the Plan, and the Plan reinstated Plaintiff's benefits as of January 1, 2005. Defendants deny the remaining averments in Paragraph 13.

14. The Plan provides:

**Disability or Disabled** means that during the Elimination Period and for the next 24 months you are prevented by:
1. accidental bodily injury;
2. sickness;

3.     Mental Illness;
4.     Substance Abuse; or
5.     pregnancy,

from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are no more than 80% of your Indexed Pre-disability Earnings.

After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation ....
(See Exhibit A, p. 14).

**Essential Duty** means a duty that:
1.    is substantial, not incidental;
2.    is fundamental or inherent to the occupation; and
3.    can not be reasonably omitted or changed.
(Id.)

**Any Occupation** means an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of your Indexed Pre-disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance.
(Id. at 13)

MENTAL ILLNESS AND SUBSTANCE ABUSE BENEFITS
Are benefits limited for Mental Illness and Substance Abuse?
If you are Disabled because of:
1.    Mental Illness that results from any cause;
2.    any condition that may result from Mental Illness; ...

Then, subject to all other Policy provisions, benefits will be payable:
1.    only for so long as you are confined in a hospital or other place licensed to provide medical care for the disabling condition; or
2.    when you are not so confined, a total of 24 months for all such Disabilities for your lifetime.
(Id. at 5)

**Mental Illness** means any psychological, behavioral or emotional disorder or ailment of the mind. including physical manifestations of psychological. behavioral or emotional disorders, but excluding demonstrable, structural brain damage.
(Id. at 15)

6

**ANSWER:** Answering Paragraph 14, Defendants admit that Paragraph 14 purports to recite various provisions of the Plan. Defendants deny that Paragraph 14 accurately or completely recites the provisions set forth therein.

15. Based on finding sufficient psychological limitations to warrant reinstatement of disability payments; Hartford overturned its prior determination to deny benefits in a letter dated September 14, 2005, but indicated benefits were to be payable only for a maximum of 24 months beginning on January 1, 2005 due to the mental/nervous policy limit of 24 months. Despite the foregoing Hartford denied that Suchomski was independently disabled on account of her physical impairments.

**ANSWER:** Answering Paragraph 15, Defendants admit only that on September 14, 2005 the Plan upheld its earlier decision terminating Plaintiff's benefits based on Plaintiff's purported physical limitations, but concluded that Plaintiff was Disabled due to "Mental Illness" as that phrase is defined by the Plan, and the Plan reinstated Plaintiff's benefits as of January 1, 2005. Defendants deny the remaining averments of Paragraph 15.

16. At that time, Suchomski was paid in a single lump sum check all accrued benefits ($29,908.50) which was represented to be payment for 60% of Suchomski's earnings that had accrued.

**ANSWER:** Answering Paragraph 16, Defendants admit only that Plaintiff was paid $29,908.50 for benefits owed under Plan for the time period covering March 10, 2005 through March 31, 2006. Defendants deny the remaining averments of Paragraph 16.

17. On January 3, 2007, Hartford extended the benefits payable date through February 15, 2007 due to a podiatric surgical procedure Suchomski underwent.

**ANSWER:** Answering Paragraph 17, Defendants admit only that the Plan determined on or about January 3, 2007 that Plaintiff's 24 month limitation on benefits for Disability due to Mental Illness would not expire until February 15, 2007 because of a period of approximately 45

7

days in 2006 when Plaintiff was Disabled due to physical limitations following podiatric surgery. Defendants deny the remaining averments in Paragraph 17.

18.     Following Hartford's refusal to acknowledge a physical disability and pay ongoing benefits, Suchomski appealed that determination, and her claim for physical disability was later further supported by a determination of "disabled" by the Social Security Administration (under sections 216(i) and (223(d) of the Social Security Act), along with numerous medical records and reports :from treating and examining doctors and medical personnel. Despite the consistency of the evidence submitted on Suchomski's behalf, and in the absence of any contrary medical examination results or other valid evidence, and worsening of her orthopedic condition resulting in bilateral knee replacement in 2007, Hartford refused to alter its decision to deny the payment of benefits based on her physical disability in the final denial letter dated November 15, 2007.

**ANSWER:**    Answering Paragraph 18, Defendants admit only that Plaintiff separately appealed the initial benefit decisions made on December 29, 2004 and on January 3, 2007, and that Hartford, on September 14, 2005 and November 15, 2007, respectively, upheld those decisions finding that Plaintiff was not "Disabled" due to any physical limitations. Answering further, Defendants admit that on January 25, 2008, more than two months after Hartford's final decision on Plaintiff's benefit claims, Plaintiff notified Hartford that the Social Security Administration concluded that Plaintiff was "disabled" as that term is defined for purposes of Social Security Disability Benefits. Defendants deny the remaining averments in Paragraph 18.

19.     Since the onset of her period of disability, Suchomski has continuously met the definition of "disabled" as quoted in paragraph 14, above; and she has been under the continuous care of treating physicians who have certified her disability due to physical impairments, and reported to defendant that she has met the Plan definition of "Disabled" since her alleged onset of December 9, 2002.

**ANSWER:**    Answering Paragraph 19, Defendants deny the averments in Paragraph 19.

20.     As a direct and proximate result thereof, based on the evidence submitted to Hartford establishing that Suchomski has met the Plan's disability definitions for a physical disability, and that she continues to meet the definition of Disabled, Suchomski is entitled to

benefits since February 16, 2007, and such benefits must be continued until she recovers from disability, dies, or reaches the age of 66 and 4 months, whichever comes first.

**ANSWER:**   Answering Paragraph 20, Defendants deny the averments in Paragraph 20.

**WHEREFORE**, Defendants, HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABILITY PLAN, deny that Plaintiff, FLORENCE SUCHOMSKI, is entitled to the relief sought or to any relief whatsoever, and respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff on her Complaint.

## AFFIRMATIVE DEFENSES

The Defendants, HARTFORD LIFE INSURANCE COMPANY ("Hartford") and DRESS BARN INCORPORATED GROUP LONG TERM DISABIILTY PLAN ("Plan"), by and through their attorneys Donald A. Murday, Elizabeth G. Doolin, Joseph R. Jeffery, and Chittenden, Murday & Novotny LLC, for their Affirmative Defenses to Plaintiff's Complaint state as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Plan granted Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy."

2. As a result, the Plan's decision to deny benefits to Plaintiff is subject to the arbitrary and capricious standard of review.

3. The administrative record supports the Plan's conclusion that Plaintiff failed to establish his right to benefits under the Policy.

4. Accordingly, the Plan's decision was neither arbitrary nor capricious, but rather was reasonable, and Defendants are entitled to judgment in its favor.

**WHEREFORE**, Defendants, HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABIILTY PLAN, deny that Plaintiff is entitled to the relief sought, or to any other relief, and hereby request judgment in their favor and against Plaintiff on Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

1. The Plan is administered pursuant to the terms, conditions, limitations, and exclusions set forth in the Policy.

2. In the event the court determines that Plaintiff is entitled to Plan benefits, those benefits are subject to the conditions, limitations, and exclusions in the Policy, including the Plan's right to reduce and/or offset those benefits.

**WHEREFORE**, Defendants HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABIILTY PLAN, deny that Plaintiff is entitled to the relief sought, or to any other relief, and hereby request judgment in their favor and against Plaintiff on Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

1. On September 14, 2005, the Plan denied Plaintiff's claim that she was "Disabled" under the Plan due to her alleged physical limitations.

2. Plaintiff knew that she had the right to bring a legal action under Section 502 of ERISA, 29 U.S.C. § 1132, challenging Hartford's determination.

3. Plaintiff also knew that the Plan barred legal actions for benefits that were not brought within "three years after the time written Proof of Loss is required to be furnished

according to the terms of the Policy."

4. Plaintiff elected not to bring an action to recover disability benefits based on Plaintiff's alleged physical limitations until May 16, 2008.

5. To the extent the Plan required the Proofs of Loss for the disability benefits Plaintiff seeks in this Action to be submitted to Hartford more than three years prior to Plaintiff's filing suit, Plaintiff has waived her alleged rights to those benefits.

**WHEREFORE**, Defendants, HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABIILTY PLAN, deny that Plaintiff is entitled to the relief sought, or to any other relief, and hereby request judgment in their favor and against Plaintiff on Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

1. On September 14, 2005, the Plan denied Plaintiff's claim that she was "Disabled" under the Plan due to her alleged physical limitations.

2. The Plan bars legal actions for benefits that are not brought within "three years after the time written Proofs of Loss are required to be furnished according to the terms of the Policy."

3. Plaintiff filed her Complaint in this Action on May 16, 2008.

4. To the extent the Proofs of Loss for the disability benefits Plaintiff seeks in this Action were required to be submitted to Hartford more than three years prior to Plaintiff's filing suit, Plaintiff's claim is barred by the Plan's contractual statute of limitations.

**WHEREFORE**, Defendants, HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABIILTY PLAN, deny that Plaintiff is entitled to the relief sought, or to any other relief, and hereby request judgment in

their favor and against Plaintiff on Plaintiff's Complaint.

>Respectfully submitted,
>
>**HARTFORD LIFE INSURANCE COMPANY AND DRESS BAR INCORPORATED GROUP LONG TERM DISABILITY PLAN**
>
>By: _/s/ Joseph R. Jeffery_
>    One of their attorneys

Donald A. Murday
Elizabeth G. Doolin
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street
Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)

O:\HA815\41198-Suchomski\PLDGS\Answer and Affirm Def.doc

## *Certificate of Service*

I hereby certify that on **July 30, 2008** I electronically filed the foregoing Defendant Hartford Life and Accident Insurance Company and Dress Barn Incorporated Group Long Term Disability Plan's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

> Mark D. DeBofsky, Esq.
> Daley, DeBofsky & Bryant
> 55 W. Monroe Street, Suite 2440
> Chicago, Illinois  60603
> mdebofsky@ddbchicago.com

**DATED** this **30th** day of **July, 2008.**

> /s/ Joseph R. Jeffery
> CHITTENDEN, MURDAY & NOVOTNY LLC
> 303 West Madison Street, Suite 1400
> Chicago, Illinois  60606
> (312) 281-3600
> (312) 281-3678 (fax)
> jjeffery@cmn-law.com