IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE SUCHOMSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2880 |
| | ) | |
| THE HARTFORD LIFE | ) | |
| INSURANCE COMPANY, and DRESS BARN | ) | Judge Anderson |
| INCORPORATED GROUP LONG TERM | ) | Magistrate Judge Nolan |
| DISABILITY PLAN | ) | |
| | ) | |
| Defendants. | ) | |

**INITIAL JOINT STATUS REPORT**

Plaintiff, FLORENCE SUCHOMSKI, and Defendants, THE HARTFORD LIFE INSURANCE COMPANY and DRESS BARN INCORPORATED GROUP LONG TERM DISABILITY PLAN, by and through their respective attorneys, hereby submit this Joint Status Report to this Court and state as follows:

1.  <u>Summary of the Claim.</u>  This is an action seeking recovery of long-term disability ("LTD") benefits pursuant to an ERISA-regulated employee welfare benefit plan ("Plan") underwritten and insured by Defendant Hartford Life Insurance Company for the benefit of employees of Dress Barn, Inc.  The Plan gives Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions" of the Plan.  As a benefit of her employment with Dress Barn, Inc., Plaintiff was a participant in the Plan.  Plaintiff initially received disability benefits under the Plan but Defendant terminated benefits as of December 31, 2004.  Defendant retroactively reinstated Plaintiff's benefits back to January 1, 2005 in response to an appeal by Plaintiff.  However, at the time of reinstatement,

Defendant asserted that Plaintiff's disability was due to psychological, not physical, limitations. Under the Plan, benefits due to "Mental Illness" were limited to a maximum of 24 months. On or about the 24-month anniversary of Plaintiff's receipt of Mental Illness benefits, Hartford concluded that Plaintiff had been physically disabled due to foot surgery for a period of approximately 45 days. Hartford notified Plaintiff that it would not count those days against the 24-month limitation on Mental Illness benefits and advised that Plaintiff's Mental Illness benefits would terminate on February 16, 2007. Plaintiff appealed Hartford's decision arguing that she had in fact been physically disabled for the 24 months she had been receiving Mental Illness benefits and that she was as of February 16, 2007 disabled under the terms of the Plan. Hartford made a final decision on November 15, 2007 to uphold the termination of benefits. Consequently, Plaintiff brought this action pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)). A courtesy copy of Plaintiff's Complaint is attached hereto.

      2.     <u>Relief Sought.</u> Plaintiff seeks judgment in her favor and against Defendant, requesting the Court to order Defendant to pay all benefits due since February 16, 2007 plus interest payable thereon at a rate of 9% (pursuant to 215 Ill. Comp. Stat. 5/357.9 or 357.9a); that the Court order Defendant to continue Plaintiff's disability benefits until Plaintiff recovers from disability, dies, or reaches the age of 66 and four months, whichever comes first; and that the Court award any and all relief to which Plaintiff is entitled, including her costs of suit, and that the Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g). Plaintiff further contends she is entitled to LTD benefits since February 16, 2007, in a monthly amount to be determined, minus the offset of Social Security disability benefits she receives, as well as interest and any other relief the Court deems appropriate.

      Defendants deny that Plaintiff is entitled to any relief whatsoever.

3. <u>Description of Matter Referred.</u> Pursuant to Local Rule 72.1, this case was referred on July 15, 2008, for the purposes of holding proceedings related to discovery supervision.

4. <u>Status of Briefing.</u> Complaint filed May 16, 2008. Answer filed July 30, 2008.

5. <u>Description of Discovery.</u> No completed discovery at this time; Plaintiff awaits review of claim record to determine what, if any, discovery will be sought. Defendants will supply Plaintiff with a copy of the administrative record on or before the time the parties' Rule 26 disclosures are due. Concerning discovery beyond the administrative record, Defendants' position is that discovery is not appropriate for ERISA benefit-denial claims like the one asserted by Plaintiff.

6. <u>Consent to Trial Before Magistrate Judge.</u> The parties do not consent.

7. <u>Settlement Discussions.</u> None at this time.

                                                          Respectfully Submitted,

| | |
|---|---|
| /s/Mark D. DeBofsky (*with permission*) | /s/Joseph R. Jeffery |
| Attorney for Plaintiff | Attorneys for Defendant |
| Mark D. DeBofsky | Donald A. Murday |
| Daley, DeBofsky & Bryant | Elizabeth Gwynn Doolin |
| 55 W. Monroe St., Suite 2240 | Joseph R. Jeffery |
| Chicago, Illinois 60603 | Alexander D. Talcott |
| (312) 372-5200 | Chittenden, Murday & Novotny |
| (312) 372-2778 (fax) | 303 W. Madison, Suite 1400 |
| | Chicago, IL 60606 |
| | (312) 281-3600 |
| | (312) 281-3678 (fax) |

## *Certificate of Service*

I hereby certify that on **August 1, 2008** I electronically filed the foregoing Plaintiff Florence Suchomski and Defendant Hartford Life and Accident Insurance Company and Dress Barn Incorporated Group Long Term Disability Plan's Initial Joint Status Report with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

>Mark D. DeBofsky, Esq.
>Daley, DeBofsky & Bryant
>55 W. Monroe Street, Suite 2440
>Chicago, Illinois  60603
>mdebofsky@ddbchicago.com

**DATED** this **1st** day of **August, 2008.**

>_/s/ Joseph R. Jeffery
>CHITTENDEN, MURDAY & NOVOTNY LLC
>303 West Madison Street, Suite 1400
>Chicago, Illinois  60606
>(312) 281-3600
>(312) 281-3678 (fax)
>jjeffery@cmn-law.com

4